UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-420-KSF

ROY WALKER, PLAINTIFF

v. **OPINION & ORDER**

TOYOTA MOTOR MANUFACTURING,
KENTUCKY, INC., CIGNA LIFE
INSURANCE COMPANY OF NEW YORK,
and LIFE INSURANCE COMPANY OF
NORTH AMERICA, DEFENDANTS

\* \* \* \* \* \* \* \* \*

Currently before the court are the defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [DE ##7, 9]. Also before the Court is the motion of the plaintiff for leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure [DE #11]. These motions are fully briefed and are ripe for review.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On December 13, 2007, the plaintiff, Roy Walker, filed this civil action pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, and state law. The named defendants are Toyota Motor Manufacturing Kentucky, Inc. ("TMMK"), Life Insurance Company of North America ("LINA"), and Cigna Life Insurance Company of New York ("CLICNY").

The following allegations are relevant to the defendants' motions to dismiss. Walker was hired on May 19, 1997 as a team member employee of TMMK. During his employment, Walker

1

made several requests for leave under the FMLA, which he claims were improperly denied. Walker also applied for short-term disability insurance benefits, which he indeed received for certain periods of 2007 under TMMK's Short-Term Disability Program ("STD"). Nevertheless, on June 15, 2007, Walker was fired by TMMK for unexcused absences. Walker further alleges that on June 14, 2007, the defendants reneged on benefits previously extended to him on May 25, 2007, and halted benefits effective April 8, 2007.

Walker claims that LINA processes claims for TMMK's Short-Term Disability program as a third-party administrator pursuant to a Claim Consulting Agreement. Although not exactly clear from his amended complaint, it appears that Walker alleges that Defendant CLICNY is also a fiduciary and/or administrator of the Short-Term Disability program. Counts 1 and 2 of Walker's amended complaint assert claims against TMMK based on the FMLA. Counts 3, 4, and 5 assert claims against all the defendants under ERISA. Count 6 asserts a breach of contract claim against CLICNY and LINA, Count 7 asserts a claim for interference with a contract against TMMK, and Count 8 asserts a breach of contract claim against TMMK.

## II.   THE DEFENDANTS' MOTIONS TO DISMISS

Defendant TMMK has filed its motion to dismiss Counts 3, 4, and 5 of Walker's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the short-term disability benefits he seeks are not subject to ERISA. Defendants CLICNY and LINA have joined in TMMK's motion to dismiss Counts 3, 4, and 5, and also move the Court to dismiss Count 6 against CLICNY and LINA for breach of contract, because neither CLICNY nor LINA have a contractual relationship with Walker. For the reasons set forth below, the Court will construe the TMMK's motion to dismiss Counts 3, 4, and 5 as a motion for summary judgment, and summary

2

judgment will be entered in favor of TMMK, CLINCY, and LINA on Counts 3, 4, and 5. CLICNY and LINA's motion to dismiss Count 6 will be denied.

### A.  MOTION TO DISMISS STANDARD

It is well established that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "All factual allegations are deemed true and any ambiguities must be resolved in plaintiff's favor." *Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253, 258 (6th Cir. 1994). The plaintiff must assert more than bare legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.' " *Id.* (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). In short, the issue when considering this motion to dismiss is not whether the plaintiff will ultimately prevail, but rather, whether she is entitled to offer evidence in support of her claims.

In this case, however, TMMK has come forward with evidence to refute Walker's allegations that TMMK's short term disability policy is covered by ERISA. If on a Rule 12(b)(6) motion "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. Because the Court will consider the evidence submitted by TMMK, the following summary judgment standards apply.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

### B.    TMMK'S MOTION TO DISMISS COUNTS 3, 4, AND 5

TMMK argues that Walker's claims based on the denial of his short term disability benefits are not covered by ERISA. Specifically, TMMK contends that its Short-Term Disability Program does not constitute an "employee benefit plan" as required by ERISA because benefits under this program are paid out of TMMK's general assets as a "payroll practice," not an employee welfare

benefit plan. By its specific language, ERISA only applies to "employee benefit plans," which are defined as any "employee pension benefit plan" or "employee welfare benefit plan." 29 U.S.C. § 1002(3). Because a short term disability plan does not provide retirement income or deferred compensation, TMMK contends that its Short-Term Disability Program is not an "employee pension benefit plan."

TMMK further argues that its Short-Term Disability Program is not an "employee welfare benefit plan" because benefits under the plan are paid out of TMMK's general assets. ERISA regulations specifically exclude such "payroll practices" from the definition of "employee welfare benefit plan." 29 C.F.R. § 2510.3-1(b). TMMK points to the decision of the Sixth Circuit in *Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 480 (6th Cir. 2007) , wherein the court affirmed a finding that a short-term disability plan was a payroll practice not subject to ERISA because the benefits were paid from the employer's general assets.

In response to TMMK's motion, Walker's response contends that it is not clear that TMMK's Short-Term Disability program qualifies for the "payroll practice" exception under 29 C.F.R. § 2510.3-1(b). Walker contends that it is premature to dismiss the ERISA counts because there is no documentary evidence establishing that TMMK self-funds and pays the short-term disability benefits out of its general assets. Walker also has filed a motion for leave to file an amended complaint. Walker seeks to amend his complaint to assert additional counts against the defendants for breach of an implied covenant of good faith and fair dealing and negligence. In his motion, Walker contends that despite repeated requests to obtain a copy of TMMK's Short-Term Disability Program, he did not receive a copy until after this suit was filed. Walker further requests specific evidentiary proof that TMMK pays short-term disability benefits out of its general assets.

In response to Walker's motion to amend, TMMK argues that the motion is premature pending the Court's ruling on the motion to dismiss. TMMK also contends that the first written request for documents related to the Short-Term Disability program from Walker was his complaint, and that the documents underlying the program were submitted to Walker on January 11, 2008. TMMK's response also includes the specific evidentiary proof requested by Walker, namely Walker's 2006 and 2007 Short-Term Disability program earnings as printed through TMMK's payroll software. TMMK also submits Walker's 2007 W-2, which includes payroll income attributable to short-term disability payments made by TMMK under the Short-Term Disability program.

TMMK also filed a reply brief addressing the lack of evidentiary proof that TMMK's Short-Term Disability program was self-funded and paid out of its general assets. Attached to the reply brief is the affidavit of Ernie Richardson, TMMK's manager of Integrated Medical Services who is responsible for administering TMMK's Short-Term Disability program. He states that the program is self funded by TMMK, and that "[n]o group insurance contract, annuity contract, other insurance contract, trust or any other separate fund is used to fund any salary continuation under the STD program." He further states that "there are no contributions by TMMK employees to fund the STD Program - no amounts are withheld from employees' paychecks for this purpose." *See* DE #13-2.

The issue for this Court, then, is whether the Short-Term Disability program is a plan governed by ERISA. Under ERISA, the terms "employee welfare benefit plan" and "welfare plan" are defined as:

> any plan, fund, or program which has heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of

>providing for its participants or their beneficiaries, through the purchase or insurance or otherwise . . . benefits in the event of sickness, accident, disability, death, or unemployment . . . .

29 U.S.C. § 1002(1). Under the "payroll practice" exception, however, "'normal compensation' paid to an employee as a result of a disability and from 'the employer's general assets' does not constitute an employee welfare benefit plan, but instead is considered a 'payroll practice.' Such practices are not regulated by ERISA" *DaimlerChrysler*, 502 F.3d at 479; *see also Abella v. W.A. Foote Mem'l Hosp.*, 740 F.2d 4, 5 (6th Cir. 1984).

The Court has carefully reviewed the evidence submitted by TMMK, including the Short-Term Disability program, the affidavit of Ernie Richardson, the Short-Term Disability program earnings, and Walker's W-2. Clearly, benefits paid under TMMK's Short-Term Disability program were treated as regular payroll and were paid out of TMMK's general assets, and thus are exempt from ERISA. Accordingly, TMMK's motion to dismiss Counts 3, 4, and 5 of Walker's amended complaint will be granted.

### III.   CLICNY AND LINA'S MOTION TO DISMISS COUNTS 3, 4, 5, AND 6

To the extent that CLICNY and LINA have joined in TMMK's motion to dismiss Counts 3, 4, and 5, CLICNY and LINA's motion to dismiss, construed as a motion for summary judgment, will be granted for the reasons set forth above. CLICNY and LINA also move the Court to dismiss Count 6, alleging breach of contract based on an alleged contractual duty to pay benefits under the Short-Term Disability program.

Walker asserts a breach of contract claim against CLICNY and LINA based on his allegation that they were fiduciary administrators due to their actual exercise of discretionary authority, control, responsibility in and to TMMK's Short-Term Disability plan. Walker also contends that he is a

third-party beneficiary to a verbal contract between TMMK and CLICNY and a non-executed agreement between TMMK and LINA.

On the other hand, the defendants argue that CLICNY has no contract or agreement related to TMMK's Short-Term Disability program, and that LINA serves only as the third-party administrator of the program pursuant to a Claim Consulting Agreement between LINA and TMMK. Accordingly, the defendants contend that Walker, as a non-party to any agreement or contract with CLICNY or LINA, has no claim for breach of contract.

Although the defendants have tendered some evidence related to the existence or nonexistence of agreements or contracts between LINA, CLICNY, or any other party related to TMMK's Short-Term Disability program, the Court will decline to consider this evidence. LINA and CLICNY's motion to dismiss will be denied because the allegations contained in Walker's complaint, if true, are sufficient to overcome the defendants' motion to dismiss. Accordingly, LINA and CLICNY's motion to dismiss Count 6 of Walker's amended complaint will be denied.

**IV. WALKER'S MOTION TO AMEND HIS COMPLAINT**

Because Walker allegedly was unable to acquire certain documents related to his claims prior to filing suit, he now seeks to file a second amended complaint to include additional counts. The defendants object to Walker's motion. In light of the Court's ruling dismissing Counts 3, 4, and 5 of Walker's amended complaint, the Court will deny Walker's motion to amend without prejudice to refiling a renewed motion for leave to file a second amended complaint consistent with this Opinion & Order.

V.  **CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby

**ORDERS** as follows:

(1) defendant TMMK's motion to dismiss Counts 3, 4, and 5 of Walker's amended complaint, construed as a motion for summary judgment [DE #7 ] is **GRANTED**, and judgment in favor of TMMK on Counts 3, 4, and 5 will be entered at the conclusion of this action;

(2) defendants LINA and CLICNY's motion to dismiss Counts 3, 4, 5, and 6 of Walkers' amended complaint [DE #9], construed in part as a motion for summary judgment, is **GRANTED IN PART** to the extent that judgment will be entered in favor of LINA and CLICNY on Counts 3, 4, and 5 of Walker's amended complaint at the conclusion of this action, and **DENIED** as to Count 6 of Walker's amended complaint;

(3) this is not a final and appealable order, and judgment in accordance with this Opinion and Order will be entered only at the conclusion of this action; and

(4) Walker's motion for leave to file an amended complaint [DE #11] is **DENIED** without prejudice to Walker's right to file a renewed motion for leave to file a second amended complaint consistent with this Opinion and Order.

This July 10, 2008.

Signed By:

*Karl S. Forester*  KSF

**United States Senior Judge**

9